**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig
United States Bankruptcy Judge**

**Dated: 02:45 PM August 24, 2020**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION, CANTON

-----------------------------------------------------------x
| | |
|---|---|
| In re: | : Case No. 20-61308 |
| | : |
| A.R.M. OPCO, INC. | : Chapter 11 |
| | : |
|     Debtor and | : Judge Russ Kendig |
|     Debtor-in-Possession. | : |
| | : |
| (Employer Tax I.D. No. 46-4283819) | : |

-----------------------------------------------------------x

## ORDER CONFIRMING THE
## ADMINISTRATIVE EXPENSE PRIORITY STATUS OF DEBTOR'S
## UNDISPUTED OBLIGATIONS TO SUPPLIERS FOR THE POSTPETITION
## DELIVERY OF GOODS AND PROVISION OF SERVICES AND
## FOR AUTHORITY TO PAY PREPETITION ADMINISTRATIVE CLAIMS
## PURSUANT TO 11 U.S.C. § 503(B)(9)

Before the Court is the Motion of Debtor for an Order Confirming the Administrative Expense Priority Status of Debtor's Undisputed Obligations to Suppliers for the Postpetition Delivery of Goods and Provision of Services and for Authority to Pay Prepetition Administrative Claims Pursuant to § 503(b)(9) (the "Motion") filed by the above-captioned debtor and debtor in possession (the "Debtor"); the Court having reviewed the Motion and having heard the statements

of counsel regarding the relief requested in the Motion at a hearing before the Court (the "Hearing"); the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and reference from the District Court for the Northern District of Ohio pursuant to 28 U.S.C. § 157; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and (c) notice of the Motion and the Hearing was sufficient under the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein;

**IT IS HEREBY ORDERED THAT**:

1. The Motion shall be, and hereby is, GRANTED.

2. Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

3. The Debtor's undisputed obligations to Suppliers arising from the postpetition delivery of goods accepted by the Debtor and the postpetition provision of services to the Debtor at its request, including any goods and services provided to the Debtor pursuant to the Outstanding Orders, are hereby granted administrative expense priority status pursuant to section 503(b)(1)(A) of the Bankruptcy Code.

4. The Debtor's undisputed obligations to Suppliers arising from the prepetition delivery of goods in the ordinary course of the Debtor's business within twenty (20) days of the Petition Date, which Suppliers are the holders of administrative claims allowable pursuant to § 503(b)(9) are hereby granted administrative expense priority.

5. The Debtor is authorized but not directed to pay its undisputed obligations to Suppliers that are entitled to administrative expense priority in accordance with paragraphs 3 and 4 above in the ordinary course of the Debtors' business, pursuant to section 363(c) of the

Bankruptcy Code; provided however, that holders of pre-petition claims must keep the Debtor on that same credit terms as on the Petition Date so long as the Debtor timely pays all post-petition invoices to such creditor.

6. Nothing in the Motion shall be deemed a request for authority to assume, and nothing in this Order shall be deemed an authorization to assume, any executory contract or unexpired lease, pursuant to section 365 of the Bankruptcy Code. Likewise, nothing in the Motion or this Order shall be deemed to modify or waive any of the Debtor's rights with respect to goods and services requested or received from the Suppliers, including the Debtor's rights to: (a) cancel a purchase order (including any Outstanding Order); (b) decline the acceptance of goods and services; (c) return any defective, nonconforming, or unacceptable goods; or (d) contest the amount of any invoice or claim.

###

PREPARED BY:

Anthony J. DeGirolamo (0059265)
3930 Fulton Dr. NW, Ste. 100B
Canton, Ohio 44718
Telephone: (330) 305-9700
Facsimile: (330) 305-9713
E-mail: tony@ajdlaw7-11.com

PROPOSED COUNSEL FOR THE
DEBTOR AND DEBTOR IN POSSESSION

**CERTIFICATE OF SERVICE**

  I hereby certify that on August \_\_, 2020, a copy of the foregoing Order was electronically transmitted via the Court's CM/ECF system to those listed on the Court's Electronic Mail Notice list:

- W. David Arnold   darnold@rcolaw.com
- Anthony J. DeGirolamo   tony@ajdlaw7-11.com, amber@ajdlaw7-11.com;G23630@notify.cincompass.com
- United States Trustee   (Registered address)@usdoj.gov
- Kate M. Bradley ust44   kate.m.bradley@usdoj.gov

                                       
                                       Deputy Clerk

  The undersigned hereby certifies that a copy of the foregoing Order was served via regular U.S. Mail, postage prepaid, upon those listed below, this \_\_\_\_ day of August, 2020.

                                        Deputy Clerk